# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JIMMY YAN, | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiff, | Civil Case No. 13-1273 (FSH) |
| v. | **OPINION & ORDER** |
| FRANKLIN CREDIT MANAGEMENT CORPORATION, et al. | Date: June 14, 2013 |
| Defendants. | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon the motion to remand filed by Plaintiff Jimmy Yan. [Docket No. 14]. The Court has reviewed the submissions of the parties and considered the motion on the papers in accordance with Federal Rule of Civil Procedure 78. Yan has brought suit against Defendant Franklin Credit Management Corporation ("FCMC"), Thomas Axon (Chairman of the Board of Directors at FCMC), Paul Colasono (the Chief Financial Officer), and Kevin Gildea (the Chief Legal Officer).

## I. Facts

Yan is a thirty-five year old man of Chinese ancestry. He suffers from end-stage renal failure. (Am. Compl. at ¶ 7). On January 11, 2010, Yan signed an employment agreement with FCMC.[1] Under the terms of the two-year agreement, Yan was to be Executive Vice-President and Managing Director of the company's servicing and recovery departments. His annual salary was set at $250,000. *Id.* at ¶¶ 11-15. Approximately nine months later, FCMC asked Yan to

---

[1] Yan had previously worked at FCMC from 2000 through 2005. (Am. Compl. at 2).

voluntarily reduce his salary to $200,000 because of the current business environment. He agreed. *Id.* at ¶¶ 18-19. Because of his health condition, while Yan was working at FCMC, he needed kidney dialysis treatment three times per week. He also needed to have surgery to remove a transplanted kidney in November of 2011.[2] FCMC was aware that Yan would need extended medical leave at some point to receive another kidney transplant. *Id.* at ¶¶ 7, 20-21.

While he was employed at FCMC, Yan alleges that Axon made derogatory comments about Yan's medical issues, race and ethnic origins. According to Yan, these comments were made privately to Yan, and also publically before employees of FCMC and potential clients and investors. *Id.* at ¶ 22. For example, Yan alleges that "Axon often commented aloud that he had hired too many Asians and Chinese people," and that Axon "openly questioned why all Chinese people have 10 families that live in one room." *Id.* at ¶¶ 23-24. Yan also claims that Axon and Colasono told employees who reported to him that "he was moody because he was on steroids due to his medical condition." *Id.* at ¶ 27.

On May 9, 2012, Yan's employment at FCMC was terminated, as was that of three other Asian employees. Yan alleges that after that date, there were no full-time Asian employees at the company.[3] No other employees were terminated that day. *Id.* at ¶¶ 31-32. On January 30, 2013, Yan brought suit against Defendants in New Jersey Superior Court. He brought nine counts under New Jersey state law, including for breach of contract and under the New Jersey Law Against Discrimination, *N.J.S.A.* 10:5-1 *et seq*. Among his claims, he alleged that FCMC had made it difficult for him to convert his group life insurance policy (which he received as a benefit of his employment) to an individual life insurance policy. (Compl. at ¶¶ 36-47).

---

[2] Yan had received a transplanted kidney in 2008, but his body rejected the kidney in 2011. *Id.* at ¶ 7.

[3] Defendants deny this allegation. (Answer at ¶ 31).

According to the Complaint, as a result of FCMC's actions, Yan was only able to receive life insurance in the amount of $400,000, although he was entitled to $500,000 in coverage. *Id.* at ¶ 47. The Complaint requests relief for, *inter alia*, "[c]onsequential damages in the amount of $100,000 based on the difference in the value of the basic and supplemental life insurance coverage that [Yan] should have received . . . versus the value of the basic and supplemental life insurance coverage that [Yan] has received." *Id.* ¶ 52.

Defendants removed the case to this Court on March 1, 2013, on the basis that Yan's claims regarding his life insurance policy were a claim for benefits under a plan covered by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* Defendants argued that Yan's state law claims relating to his life insurance policy were completely preempted by ERISA under 29 U.S.C. § 1144, and that this Court had supplemental jurisdiction over the balance of his claims. Yan submitted an amended complaint on March 13, 2013, which deleted the allegations relating to his life insurance policy, as well as his demand for consequential damages based on the amount of life insurance he received. On March 25, 2013, Defendants filed an answer, which also asserted counterclaims against Yan and his wife. One of the counterclaims was brought under the federal Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 *et seq.* The remaining claims sounded in New Jersey state law.[4] The pending motion to remand was filed on April 1, 2013.

**II. Discussion**

Yan requests that this case be remanded to New Jersey Superior Court. He has also requested that the Court award him attorney's fees pursuant to 28 U.S.C. § 1447(c).

---

[4] On May 29, 2013, Defendants filed an amended answer and counterclaim. [Docket No. 30]. The amended document still contains the counterclaim arising under the CFAA, and adds an additional counterclaim under New Jersey state law, as well as alters some of the factual allegations. It does not change the analysis in this Opinion and Order.

A. *Remand to New Jersey Superior Court*

Defendants removed this action on the basis that the Court had original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).[5] The parties in this case are not diverse. Plaintiff then dropped his claims giving rise to original jurisdiction, and only his state law claims remain. "The fact that the federal claims that were the basis for the removal . . . were dropped during subsequent proceedings does not deprive the district court of jurisdiction, unless the federal claims were 'insubstantial on their face.'" *Felice v. Sever*, 985 F.2d 1221, 1225 (3d Cir. 1993) (quotation omitted). However, the Court may exercise its discretion to remand an action when a plaintiff has dropped its federal claims and only pendant state law claims remain. 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 233 (3d Cir. 1995). In determining whether remand is appropriate, the Court should consider "the principles of economy, convenience, fairness, and comity." *Cohill*, 484 U.S. at 357. The Court may also consider whether the plaintiff has engaged in efforts to manipulate the forum. *Cohill*, 484 U.S. at 357; *Trans Penn Wax Corp.*, 50 F.3d at 233.

Yan argues that the principles of economy, convenience, fairness, and comity weigh in favor of remand. At this time, the litigation is still in a very early stage, as Yan amended his complaint shortly after the case was removed. There has not been a Rule 16 conference, and significant judicial resources have not yet been expended on this case. These facts are analogous to those in *Hunter v. Temple University School of Medicine*, No. 3-1649, 2003 U.S. Dist. LEXIS 20210 (E.D.Pa. Oct. 29, 2003), in which the district court found that remand was appropriate where plaintiff dropped her federal claims shortly after removal, and the court had not spent

---

[5] Yan does not contest that this action was properly removed to the Court. (Reply Br. at 4). The initial removal was appropriate, as the claim for life insurance benefits in Counts I and II of his initial complaint were completely preempted by ERISA. *See Metropolitan Life Ins. v. Taylor*, 481 U.S. 58, 63-64 (1987); *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.2d 266, 271 (3d Cir. 2001).

"considerable time or judicial resources on th[e] case." *Id*. at *4. The parties would not be inconvenienced if this case were remanded to state court, as the individual defendants and plaintiff are all citizens of New York, and would be presumably equally able to travel to state court in Hudson County as to federal court in Newark. Additionally, the remaining claims in Yan's amended complaint are brought under New Jersey statutory and common law, and therefore are better adjudicated in New Jersey state court. *See Trans Penn Wax Corp.*, 50 F.3d at 233 (quoting district court's opinion that "action for damages for breach of contract . . . is better suited to be adjudicated by the Pennsylvania courts"). These factors all weigh in favor of remand.

Defendants claim that the fact that there is a federal counterclaim in this case should weigh against remand. A federal counterclaim cannot provide the Court with original jurisdiction over an action. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002); *see also Vaden v. Discover Bank*, 556 U.S. 49, 56 (2009). However, the existence of a federal counterclaim may weigh against remand. *See N.J. Dep't of Env. Prot. v. Gloucester Env. Mgmt. Servs. Inc.*, 719 F. Supp. 325, 339 (D.N.J. 1989) (declining to dismiss case removed to federal court when only plaintiff's state law claims remained and invoking federal cross-claims "to support its exercise of discretion"). This factor weighs against remand.

Defendants argue that the Court should deny remand because Yan's decision to drop his claim for life insurance benefits is an attempt at forum manipulation. (Opp'n Br. at 12). In support, Defendants cite *Allen v. Rite-Aid*, No. 91-3835, 1991 U.S. Dist. LEXIS 10552 (E.D.Pa. July 30, 1991) and *Kimble v. Morgan Properties*, No. 2-9359, 2003 U.S. Dist. LEXIS 9796 (E.D.Pa. May 28, 2003). In *Allen*, the district court found that the plaintiffs, who had amended their complaint immediately after removal in order to prevent their suit being sent to the Judicial

5

Panel for Multi-District Litigation as a "tag-along case," were engaging in "forum manipulation." 1991 U.S. Dist. LEXIS 10552 at *8. The court declined to remand the action. *Id*. In *Kimble*, the plaintiff filed a complaint alleging federal employment discrimination claims in state court. After the defendant removed the case to federal court, the plaintiff amended his complaint to remove the federal claims and replace them with analogous state law claims. 2003 U.S. Dist. LEXIS 9796 at *1-*2. Because the plaintiff was engaging in "manipulative tactics," the court refused to remand the case. *Id.* at *3. Both cases cite *Cohill* and *Trans Penn Wax Corporation.*

It appears that Yan has amended his complaint in order to bolster his motion to remand. However, as Judge Linares has persuasively explained in *Ortiz v. University of Medicine & Dentistry of New Jersey*, No. 08-2669, 2009 U.S. Dist. LEXIS 63220 (D.N.J. July 23, 2009), neither *Cohill* nor *Trans Penn Wax Corporation* mandate that a district court must decline to remand a case if it finds the plaintiff is engaging in forum manipulation. Instead, this is one of several factors to be considered by the court. *Id.* at *9. In *Ortiz*, the plaintiff voluntarily dismissed her federal claims and moved to remand her case.[6] The district court found that although the plaintiff "sought a state forum for her claims by every available procedural means . . . [her] voluntary dismissal of her federal claims after good faith litigation of the remand issue is not an unfair manipulation of jurisdiction," and granted the motion to remand. *Id.* Although Yan is clearly seeking a state forum, remanding this case would not be unfair to the parties.

Because Plaintiff has not dismissed his federal claims with prejudice, Defendants raise the possibility of a "litigation merry-go round." (Opp'n Br. at 14) (quoting *Gloucester Env. Mgmt.*

---

[6] Initially, the plaintiff in *Ortiz* argued that her complaint did not contain any federal claims. After the court decided against her, she amended her complaint to remove her federal claims. 2009 U.S. Dist. LEXIS 63220 at *2-*3.

*Servs.*, *Inc.,* 719 F. Supp. at 337-38). Yan has stated that "he has no intention of resurrecting those demands for consequential damages relating to the value of the life insurance policy," and has volunteered to dismiss those claims with prejudice. (Moving Br. at 16 n. 4). The Court will order those claims dismissed with prejudice.

After thorough consideration of the above factors, the Court will order this case to be remanded. Although the presence of a federal counterclaim does weigh against remand, all the other factors in this case indicate remand is appropriate. This case is better heard in New Jersey Superior Court.

### B. *Award of Attorney's Fees*

Yan also requests that this Court award attorney's fees under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." Yan notes that Defendants refused to stipulate to a remand after he amended his complaint. (Moving Br. at 18). As previously explained, Defendants properly removed this case. The Court's determination about whether to remand this case is a discretionary one. An award of attorney's fees is not appropriate given the number of factors which this Court was required to weigh when deciding whether remand is appropriate.

### C. *Motion to Dismiss the Third-Party Complaint*

There is also a pending motion to dismiss the third-party complaint in this case. [Docket No. 28]. Out of deference to the state court which will hear this case on remand, this Court will not address the motion to dismiss. For similar reasons, it also will not address the pending motion to Strike Defendants' Answer to Amended Complaint and Amended Counterclaims [Docket No. 33].

### III. Conclusion & Order

For the reasons set forth above,

    **IT IS** on this 14th day of June, 2013,

    **ORDERED** that the Motion to Remand [Docket No. 14] is GRANTED; and it is further

    **ORDERED** that this matter is remanded to the Superior Court of New Jersey, Law Division, Hudson County; and it is further

    **ORDERED** that Plaintiff's claims for consequential damages relating to the value of his life insurance policy are hereby DISMISSED WITH PREJUDICE; and it is further

    **ORDERED** that the request for attorney's fees is DENIED; and it is further

    **ORDERED** that the Clerk of the Court is to close this case.

            /s/ Faith S. Hochberg_____
            Hon. Faith S. Hochberg, U.S.D.J